**THE CAB CALLOWAY ORCHESTRA**

October 28, 2011

The Hon. Cathy Seibel, United States District Judge
The Hon. Charles L. Brieant Jr., U.S. Courthouse
Courtroom 218
300 Quarropas Street
White Plains, New York 10601-4150

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-1-11

RE:    **09-CV-10488 (CS) Creative Arts by Calloway, LLC v.**
       **Christopher Brooks. d/b/a The Cab Calloway Orchestra**
       **DEFENDANT'S LETTER UNDER 15 USC § 1060(a)(1)**
       **REGARDING PLAINTIFF'S VOID APPLICATION**

Dear Judge Seibel:

   The issue before this Court is whether, under 15 USC §1060(a)(1), Plaintiff's intent-to-use ("ITU") §1051(b) application was void upon it's 2001 "assignment" to Plaintiff, by the lack of business goodwill under the pertaining mark. The admitted record conclusively confirms Plaintiff and "assignor's" lack of ownership of business use goodwill pertaining to the mark, and rejects all of Plaintiff's various claims of common-law rights. Thus, the "assignment" was in gross and prohibited under 15 USC §1060(a)(1), and the subject ITU application is void.

   "There is no such thing as 'a right to obtain a trademark' which can be conveyed to another."[1] Plaintiff's mere intent to use a mark is uniquely inseparable from its ITU application, which is not by itself independently assignable without verified common-law business goodwill[2] under the mark. "[R]ights in a trademark cannot be transferred "in gross," or apart from an ongoing business . . . with which the mark has been associated; they are inseparable."[3] "Since goodwill is inseparable from the business with which it is associated, this requirement of the transfer of goodwill [under 15 USC §1060] restates the common-law rule that a trademark can only be transferred with the business or part of the business which it symbolizes."[4]

   The admitted record is indisputable and conclusive: Plaintiff's alleged Jan. 2001 assignment has repeatedly been ruled an invalid assignment-in-gross; Plaintiff and it's "assignor" had no ongoing and existing business goodwill under the pertaining ITU mark; Plaintiff, and its "assignor" filed no verified statement of use. The record encompasses over 12 years of multiple trademark litigations, rulings, findings, depositions, examinations, filings, affidavits, exhibits, facts and stipulations, establishing Plaintiff's attempt at prohibited assignment of the subject ITU application. The findings and rulings of record are controlling: 15 USC §1060(a)(1) applies.

---

[1] J. Thomas McCarthy, *McCarthy on Trademarks* §18:6 at 18-12 citing *Jim Henson Prod. v. John T. Brady & Assoc.*, 867 F. Supp. 175 - SDNY 1994.
[2] "**goodwill** [trademark] The value of a business or of a line of goods or services that reflects commercial reputation" J. Thomas. McCarthy, *McCarthy's Encyclopedia of Intellectual Property*, page 143, ¶5
[3] ("*Calloway II*" p. 3 ¶1) *Creative Arts by Calloway, LLC v. Brooks,.* 02-7050, 2002 WL 31303241 (2d Cir. Oct. 11, 2002), citing *Marshak v. Green*, 746 F.2d 927, 929 (2d Cir. 1984) (citing 15 U.S.C. § 1060), See also *Berni v. International Gourmet Restaurant, Inc.*, 838 F.2d 642, 646-47 (2d Cir. 1988).
[4] ("*Calloway I*," p. 8 ¶1) *Creative Arts by Calloway, LLC v. Brooks*, No. 01-3192, slip op. (S.D.N.Y. Dec. 11, 2001) citing *Defiance Button Machine Co. v. C&C Metal Products Corp.*, 759 F.2d 1053, 1059 (2d Cir. 1985) and *Avon Shoe Co., Inc. v. David Crystal, Inc.*, 171 F.Supp. 293,301 (S.D.N.Y. 1993)

**THE CAB CALLOWAY ORCHESTRA ™**

## I - The Facts of Plaintiff's Void Assignment

On Jul. 23, 1999, Plaintiff's "assignor" Zulme Calloway, filed an intent-to-use application Serial No 75/761,159" under 15, USC §1051(b) as an ITU applicant with the USPTO. In Jan. 2001, Zulme Calloway executed the attempted assignment of the ITU application to Plaintiff *Creative Arts.* Four months later, Plaintiff Creative Arts filed *Calloway I* against Defendant alleging prior common-law rights in reliance on the alleged "assignment."

On Dec. 11 2001, in *Calloway I,* referencing 15 USC §1060 on page 8 ¶1, the SDNY ruled for Defendant. The judgment states on page 9 ¶2, that, "[Assignor Zulme Calloway] has made no use of the alleged service mark since Cab Calloway's death in 1994, except to apply for a [ITU] trademark registration in 1999." and on page 10 ¶2, held that "Plaintiff [Assignee Creative Arts] has failed to present any evidence which would justify a finding by a trier of the fact that it or its assignors owned or used *any* common law service mark at the time this case was filed [in April 2001. emphasis added]" Discovery closed seven months later."

On October 11, 2002, the SDNY ruling was affirmed by this Circuit in *Calloway II* which referenced 15 USC §1060 on p. 3 ¶1 of its decision stating that, Plaintiff's alleged rights were invalid by assignment-in-gross, since, "Cab Calloway's activities were not organized as a business that could have been transferred to his widow [ "assignor" Zulme Calloway]." p.3 ¶2.

On Jan. 22, 2004, the USPTO certified that no verified statement of use of the mark by Plaintiff or "assignor" existed in Plaintiff's ITU application file at any time. In 2008, Plaintiff stipulated that it can rely on no mark use prior to the ITU application date, in a binding *"Stipulation As to Facts."* In 2009, the TTAB ruling (p. 27 ¶1) states ". . . even if we were to allow [Plaintiff] to withdraw that stipulation, the evidence of record is not sufficient to find that there was prior use, not abandoned, which [Plaintiff] could tack on to its filing date. Proof of a date of use earlier than that asserted in the application must be established by clear and convincing evidence," This Court recently stated, "[Plaintiffs] don't get out of the stipulation ..." Plaintiff cannot make or rely on any claim to use of the mark before the ITU application date.

On Mar. 31, 2011, this Court in the instant action found, upon a fully briefed motion, that Plaintiff "... admittedly did not actually use the mark ..." affirming a decade of unanimous prior findings and evidence that neither Plaintiff nor it's "assignor" had any business use and goodwill in the subject mark. Thus, Plaintiff's claims of "assignment" under the mark remain lawfully invalid. The findings of this Court, *Calloway I and II,* the USPTO, and TTAB hold that Plaintiff has no genuine claim to use of the ITU mark before or after the ITU application date. Furthermore, Plaintiff's arguments and assertions to the contrary are precluded. The facts are beyond genuine dispute: Plaintiff and "assignor" have never established business goodwill by verified use of the subject ITU mark.

## II - Plaintiff's Misstatements

Plaintiff's claimed "management" of Cab Calloway's music wrongly conflates receipt of copyright royalties with use of trademark, and is void by stipulation. "The grant of royalties and residuals for past performance cannot be enlarged by construction to constitute the assignment or bequest of a service mark, especially when there is no ongoing business or goodwill being transferred therewith." *Calloway I* p.8 ¶4, p.9 ¶2 "... it is undisputed that various record

companies own the rights to the masters of Cab Calloway's songs, and there is no evidence that *Creative Arts* owns the rights to any of Cab Calloway's public appearances." *Calloway II* p. 3 ¶3

Plaintiff's assertion that Cab Calloway licensed Red Clay School District with regard to the Cab Calloway School of the Arts in Delaware, has been repeatedly claimed and disposed of in the judgments of record and by stipulation. No such "license" has ever been produced, nor could it be, because, "[w]hile Plaintiff asserts that Cab Calloway had such common law service mark rights during his life, the Court finds no evidence of such rights in the extensive submissions in this case," and because neither "[Plaintiff] *or its assignors* owned or used *any* common law service mark . ." *Calloway I, p.7* ¶2, *10* ¶2[emphasis added]. It is indisputable in the record that Plaintiff and "assignors," including Cab Calloway had nothing of a trademark nature to 'license," "convey," "oversee," or "authorize" on behalf of themselves, each other, or anyone else.

Plaintiff's analysis of the prior Judgments and record mischaracterizes facts, law, and what the Court asks. Plaintiff writes of favorable judgment, yet 1071(b) allows no judgment in Plaintiffs favor. Plaintiff writes of *Calloway I and II* as narrow, yet their complaints, briefs, and rulings reveal breadth. Plaintiff wrote against *Calloway I and II* for 5 years at the TTAB, yet the 2009 final ruling was the same, "the evidence of record is not sufficient to find that there was prior use, not abandoned, which [Plaintiff] could tack on to its filing date."[5] The record is quite applicable to Plaintiff's void ITU assignment, as seen in the multiple citations (*introduction* ¶2, *section I* ¶1-5 and *II*¶ 1-3), arguments in this document (see section III, ¶1), and in the Judgments themselves. Plaintiff writes, yet cannot dispute that, the District, Circuit, USPTO, and TTAB have all examined the facts of: Plaintiff's alleged mark use, alleged rights, alleged recordings, alleged musical, alleged licenses, alleged sales, alleged management, alleged t-shirts, and conflation of copyright with trademark, for *10 straight years of litigation*. All held or stipulated Plaintiff had no genuine mark use or ongoing and existing business under the pertaining mark.

### III – Arguments for the Defense

Trademark assignment is one area of trademark law where common law and statute law are virtually identical. "([15 USC §1060's] requirement of the transfer of "good will" is simply a restatement of the common law rule that a trademark can only be transferred with the business or part of the business associated with the mark)." [6] Plaintiff was found to have no business goodwill under the mark, resulting in an invalid assignment under common law, therefore Plaintiff cannot establish a valid assignment of it's ITU application under statutory law.

"[T]he question of the validity of the assignment [of trademark rights] is antecedent to the question of incontestability. . . . because only after a *valid* assignment of trademarks does the assignee succeed to the rights of the assignor." [7] Where is Plaintiff's proof of valid assignment? The remanded *Spirits* case, upon subsequent District re-examination,[8] ruled that Plaintiff FTE's alleged-but-unsubstantiated assignment was invalid; the District dismissed the remanded case.

---

[5] *Brooks v. Creative Arts, LLC*, 2009 TTAB LEXIS 653, 93 U.S.P.Q.2d page. 27, ¶1. citing. as to proof of earlier use *"Hydro-Dynamics Inc. v. George Putnam & Co.*, 811 F.2d 1470, 1 USPQ2d 1772, 1773 (Fed. Cir. 1987).
[6] See *Avon Shoe Co. v. David Crystal, Inc.*, 279 F2d 607 (2d Cir. 1960), cert. denied, 364 U.S. 909 (1960)
[7] *Fed. Treasury Enter. Sojuzplodoimport* ("FTE") *v. Spirits Int'l N.V.*, 623 F.3d 611, *2010 U.S. App. LEXIS 24386*, (2d Cir. N.Y. 2010). Interestingly, Hon. Judge Barrington Parker, author of the Circuit Opinion, in *("Spirits")*, was the adjudicator in *Calloway I*, which transferred to the late Hon. Judge Charles L. Brieant on 10/10/01
[8] *Fed. Treas. Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 04 CV 08510 (GBD), *2011* SDNY *LEXIS 100474*, 2011.

Under what is widely and appropriately known as The *Clorox* Rule: "Assignment of an intent-to-use [ITU] application prior to filing a verified statement of use is invalid and voids the application unless the assignment is made to a successor of the applicant's ongoing and existing business under the intended Mark. . ."[9]  The indisputable facts (*Section I*) establish that Plaintiff upon "assignment" had no ongoing and existing business to which the mark pertained.  The *Clorox* Rule is fully applicable to the Plaintiff's prohibited assignment and void ITU application.

Conversely, *Philip Restifo*, is inapplicable to the facts of this case (*Section I*), and is of no effect, since non-precedential opinions are not citable as precedent, and do not even bind the TTAB, much less Federal Court.[10]  *Restifo* is not about assignment, ". . . the purported assignment of ownership section in the agreement is not relevant and has no effect on this proceeding."[10]  *Restifo* is not about an ITU application, "neither party has argued that the proposed assignment of ownership pertained to the intent-to-use application."[11]  Restifo not about what we are examining: Plaintiff's void ownership assignment of it's TTAB-rejected ITU application.

"Unwittingly or not, a party who has no business except obtaining a trademark on the basis of intent-to-use and prior to starting a business assigns that application to another falls squarely into the trademark trafficking activity that section 10[Lanham Act, or 15 USC  1060] is intended to preclude."[12]  15 USC §1060(a)(1) exists to prevent precisely what Plaintiff attempted: a void assignment, with no rights in hand,  designed to assert a false July 23, 1999 ITU priority date, by the prohibited act of passing off "inchoate marks which as yet have no real existence."[13]  Simply put: Plaintiff has not used the mark in commerce, Defendant already has, does, and shall.

### IV – Defendant's Prayer for Relief
Accordingly, Defendant respectfully moves that this Court:

1. Declare alleged ITU application **#75761159** void under 15 USC § 1060(a)(1).
2. Dismiss entirely Plaintiff's complaint 09-10488-cv-(CS) against Defendant.
3. Order Defendant's longstanding *continuing use* applications **#76629585** and **#76629586** for "The Cab Calloway Orchestra" be published under 15 USC § 1065 by the USPTO effective as of the Oct. 30, 2009 TTAB Precedential decision.
4. Enjoin Plaintiff from any future use of the Cab Calloway name in commerce.
5. Order that plaintiff provide defendant $500,000 in compensation for undue harm expense caused the Defendant and/or grant defendant leave to file for compensation.
6. Other relief as the Court, may find just and proper *sua sponte*.

Submitted with utmost respect and appreciation, may it please the Court,

Christopher Brooks – Defendant *pro-se*

---

[9] *Clorox Co. v. Chemical Bank, 40 U.S.P.Q.2d 1098 (T.T.A.B. 1996).*

[10] *"Citation of Opinions to the Trademark Trial and Appeal Board"* USPTO OG Notices: 23 January 2007.

[11] *Philip Restifo v. Power Beverages, LLC,* Opposition No. 91181671(not precedential) TTAB 2011 pp 14-16.

[12] *Pfizer, Inc v. Hamerschlag,* 2001 WL 1182865 (TTAB 2001) (Precedential)

[13] J Thomas. McCarthy, *McCarthy on Trademarks and Unfair Competition* §18:13, at 18-33 see also §18:1, 2, 5-6 and §18:24 "Just Saying Goodwill Has Passed is Not Alone Sufficient."  Also of particularly gratifying interest are §13:22 at 13-7[(16.50)], and at 13-8[(16.75)], as well as §13:28  at 13-62[(1.60)], and at 13:28 at 13-63[(1.80)]