UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CREATIVE ARTS BY CALLOWAY, LLC,

                        Plaintiff,

          - against -

CHRISTOPHER BROOKS, D/B/A THE CAB
CALLOWAY ORCHESTRA

                        Defendant.
------------------------------------------------------------------x

**ORDER**

09-CV-10488 (CS)

Seibel, J.

      Prior to the oral argument held before this Court on November 21, 2011, the parties submitted letter briefs concerning the question of whether Zulme Calloway's intent-to-use ("ITU") application, filed with the United States Patent and Trademark Office on July 23, 1999, was validly assigned under 15 U.S.C. § 1060 to Plaintiff Creative Arts by Calloway on January 22, 2001. That statute provides that an ITU application is not assignable absent a previous verified statement of use, "except for an assignment to a successor to the business of the applicant, or portion thereof, to which the mark pertains, if that business is ongoing and existing." 15 U.S.C. § 1060(a)(1). It is clear that Cab Calloway was not operating a going concern at the time of his death and that his activities were not organized as a business, which precluded the transfer of a mark from him to Zulme Calloway. *See, e.g., Creative Arts by Calloway, L.L.C. v. Brooks*, 48 F. App'x 16, 18 (2d Cir. 2002). The question here is whether, at the time of Zulme Calloway's assignment of the ITU application to Plaintiff, she operated a going concern with goodwill, organized as a business, to which the mark "Cab Calloway" pertained. Defendant argues that Zulme Calloway did no more than what Cab Calloway did

when he was alive. Plaintiff argues that Zulme Calloway did organize as a business, but its allegations are conclusory.

Rather than deciding the issue—which could well be dispositive of the instant appeal—on the present record, I believe it prudent for the parties to tee up the issue by way of a formal motion for summary judgment, after a period of limited discovery. The parties are to conduct discovery on the limited issue of whether, between July 23, 1999 and January 22, 2001, Zulme Calloway's "business activities" were organized as an ongoing and existing business to which the "Cab Calloway" mark pertained, within the meaning of 15 U.S.C. § 1060. All such discovery shall be completed within 60 days of the date of this Order. Defendant shall have 30 days from the close of limited discovery to file a motion for summary judgment limited to this issue. Plaintiff shall have 30 days to respond to Defendant's motion, and Defendant shall have 14 days from Plaintiff's response to file his reply.

**SO ORDERED.**

Dated: December 9, 2011
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.