

# THE CAB CALLOWAY ORCHESTRA ™

December 8, 2011

The Hon. Cathy Seibel, United States District Judge
The Hon. Charles L. Brieant Jr., U.S. Courthouse
Courtroom 218
300 Quarropas Street
White Plains, New York 10601-4150

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/2011
```

RE: 09-CV-10488 (CS) **Creative Arts by Calloway, LLC v. Christopher Brooks. d/b/a The Cab Calloway Orchestra**
DEFENDANT COURT REQUEST COMPLIANCE

Dear Judge Seibel:

I have just yesterday received transcripts of oral arguments of Nov. 21, 2011. It is clear therein that this Court requested Defendant clarification that Plaintiff's alleged business of "a possible dramatic musical play," and allegedly related "licensing," was before Judge Brieant in 2001. In compliance with the Court's aforementioned request, attached are pages 5-7 of oral arguments before Judge Brieant, made directly to this District on Nov. 16, 2001. Page 6 states:

```
 6 MR. KARLIN[2001]: She has assumed licenses. She's in the
 7 process of negotiating further licenses currently. Since this
 8 motion was filed, almost six months ago, she has -- excuse me.
 9 The corporate entity, which is now the successor in interest
10 to Mrs. Calloway, is negotiating further recording contracts,
11 further entertainment services, theatrical presentations, et
12 cetera. [Emphasis added.]
13 THE COURT: "Et cetera" doesn't cut it around here.[1]
```

Plaintiff's bald claim of "successor in interest," status is insufficient under 15 USC §1060, which requires proof of "successor-in-business," ongoing and existing. In addition to the District's past consideration of alleged "theatrical presentations," Plaintiff's 2001 oral arguments p.5-7, alleged broad "licensing," "merchandising," and "television" business use.

The record is indisputable that neither Plaintiff nor it's assignor had *used* the pertaining mark in ongoing or existing business as of Plaintiff's declaration of full submission of all evidence. In final oral arguments of Nov 16, 2001 p.3 ln. 1-5, Defendant's attorney Ms. Solomon testified,

> "We took a deposition of the plaintiff by her representative. There is no other evidence. When we asked them during the deposition what else is there that you have to support your claim that Cab Calloway functions as a trademark, they had nothing else."

---

[1] *Calloway I* held, "Plaintiff has failed to present any evidence which would justify a finding by a trier of the fact that it or its assignors owned *or used* any commonlaw service mark at the time this case was filed."[Emphasis added.] Plaintiff never *used* the mark, *or* owned the mark.

C. CALLOWAY BROOKS* DIRECTOR
www.cabcalloway.com  callowaykid@runbox.com
Voice 888-674-3274 – Fax 888-591-3350  Box 28, Fleetwood Station, NY 10552





## THE CAB CALLOWAY ORCHESTRA ™

Plaintiff then affirmed that its record was complete in the same Nov. 16, 2001 hearing, testifying that *all* Plaintiff evidence of alleged business use was completed and on the record, "It's all in the papers your Honor." p.7, ln. 22, 23. This District thereupon declared as of Nov. 16, 2001 all evidence as "Fully submitted, decision reserved." on p.15, ln. 16. There is thus no remaining evidence of use, or genuine issue of material fact as to Plaintiff's invalid assignment.

In 2001, this District examined Plaintiff's recently attached assignment papers and ruled that they failed to prove any ongoing or existing business. 15 USC §1060 makes clear that, in the case of ITU applicants, assignee and assignor business must exist at common law to validate assignment of rights in a mark. 15 USC §1060 bars ITU applicants from naked assignment of unrealized business "intentions." The alleged assignment was invalid, therefore under 15 USC §1060(a)(1), the subject ITU application is void. Defendant respectfully moves this Court so rule.

Respectfully submitted,

Christopher Brooks – Defendant *Pro-se*

C. CALLOWAY BROOKS* DIRECTOR
www.cabcalloway.com   callowaykid@runbox.com
Voice 888-674-3274 – Fax 888-591-3350   Box 28, Fleetwood Station, NY 10552

01 Civ. 3192(CLB)
November 16, 2001 10:00 a.m.
Before: THE HONORABLE CHARLES L. BRIEANT, District Judge

p. 5

1        MR. KARLIN: Of course, I completely disagree, your
2   Honor.
3        THE COURT: I think you should use the lectern.
4   That's my practice.
5   I just wanted to find out background information.
6        MR. KARLIN: Yes, my client does have an application
7   pending. We will be revising an amended application
8   appropriately. My point is, your Honor --
9        THE COURT: Well, you have no certificate.
10       MR. KARLIN: No. But under common law --
11       THE COURT: What use did your client make of this
12  name?
13       MR. KARLIN: My client receives recording royalties,
14  is engaged in licensing.
15       THE COURT: She would have received the recording
16  royalties in all events once she became the residuary legatee
17  of Mr. Calloway.
18       MR. KARLIN: Yes, sir.
19       THE COURT: That wasn't use of a service mark by her.
20       MR. KARLIN: Well, your Honor, there is case law,
21  which is in my papers before the Court, that this Court has
22  ruled that receipt of recording royalties is use of a service
23  mark. Now, obviously, defendant disagrees with that.
24       THE COURT: They would have had to pay the service
25  mark to anybody, to a bank or any charity or anybody who owned

01 Civ. 3192(CLB)
November 16, 2001 10:00 a.m.
Before: THE HONORABLE CHARLES L. BRIEANT, District Judge

p. 6

1   the rights.

2         MR. KARLIN: There was also merchandising licensing,
3   your Honor, and -- I appreciate that. Let me go back to the
4   recording royalties issue, your Honor.

5         THE COURT: She did actually license merchandise?

6         MR. KARLIN: She has assumed licenses. She's in the
7   process of negotiating further licenses currently. Since this
8   motion was filed, almost six months ago, she has -- excuse me.
9   The corporate entity, which is now the successor in interest
10  to Mrs. Calloway, is negotiating further recording contracts,
11  further entertainment services, theatrical presentations, et
12  cetera.

13        THE COURT: "Et cetera" doesn't cut it around here.

14        MR. KARLIN: I understand that, your Honor. And if
15  you want, I will submit, since this motion was filed, nearly
16  six months ago --

17        THE COURT: You know about the Navy? The Navy has an
18  expression. The expression is: "It didn't happen on my
19  watch." So don't give me that. I don't want to hear that.

20        MR. KARLIN: I won't, your Honor.

21        THE COURT: If the facts are not up to date and you
22  want to file additional papers, we'll discuss that and hear
23  what your adversary has to say. And if you're claiming the
24  papers are stale, that's a different issue.

25        MR. KARLIN: Well, your Honor, things have occurred

T

01 Civ. 3192(CLB)
November 16, 2001 10:00 a.m.
Before: THE HONORABLE CHARLES L. BRIEANT, District Judge

p. 7

1  in the six months since these papers were filed. And that's

2  no fault of mine, nor my client's. If the Court would like an

3  update --

4         THE COURT: Should the rights of the parties be

5  determined as of the date the litigation was brought?

6         MR. KARLIN: Yes, sir.

7         THE COURT: Can you go sue somebody and then go

8  perfect a mark afterwards?

9         MR. KARLIN: No, sir. And our position is that when

10 this action was filed, we had an actionable right, a common

11 law service mark in the name Cab Calloway. The decisional

12 authority of this Court --

13        THE COURT: All she did to use that service mark was

14 to collect mechanical royalties and sue people who were using

15 the mark.

16        MR. KARLIN: Well, your Honor, she also was involved

17 in litigation for five years after Mr. Calloway's death that

18 ended in a settlement. These parties, for which is

19 Mr. Calloway's whole history of litigation, used his mark.

20 They received royalties. They engaged in merchandising.

21 Mrs. Calloway, in September 2000, was assigned all right title

22 and interest that these third parties had in that. It's all

23 in the papers, your Honor.

24        THE COURT: Well, all right. I'm a little doubtful

25 as to whether your record is adequate or whether you have any

P. 8

1  triable issues of fact.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

09 Civ. 10488 (C)(S)

- against -

_____

**AFFIRMATION OF SERVICE**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, _Christopher Brooks_ declare under penalty of perjury that I have
    (name)

served a copy of the attached _letter_
                              *(document you are serving)*

upon _Mark Kamin_ whose address is _Wilshire Blvd. Los Angeles CA_
      *(name of person served)*    *(where you served document)*

by _facsimile_
   *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: _____   _____
        (town/city)       (state)

       _____  __, 20__
        (month)      (day)  (year)

Signature: _____

Address: _____

City, State: _____

Zip Code: 0552_

Telephone Number: 914-833-3777

*Rev. 05/2010*